## UNITED STATES DISTRICT COURT
## MIDDLE DISTIRICT OF FLORIDA
## TAMPA DIVISION

CLAYTON T. KUHN,

      Plaintiff,

                                            8:18-cv-419-T-26AAS

v.                             Case No.:

DIVERSIFIED CONSULTANTS, INC.,

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW**, Plaintiff, CLAYTON T. KUHN (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, DIVERSIFIED CONSULTANTS, INC. (hereinafter "Defendant"), and alleges the following in support thereof:

1.    This is an action for damages and injunctive relief brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### PARTIES, JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337. *See, Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740 (U.S. 2012). This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this State and District and as a substantial part of the acts and/or omissions giving rise to this action occurred in this State and this District.

4. Defendant is a Florida profit corporation doing business in Florida.

5. At all material times hereto, Plaintiff is an individual residing in Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff is a natural person and resident of Hillsborough County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8) and a "person" under 47 U.S.C. § 227(b)(1).

7. Defendant is a Florida profit corporation doing business in Florida and, more specifically, in Hillsborough County. Defendant's business involves the collection of thousands of debts from thousands of consumers, including defaulted debts transferred, assigned or placed with Defendant for collection subsequent to default.

8. Defendant holds itself out as a business providing debt collection services and identified itself as a debt collector when communicating with Plaintiff.

9. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

10. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7) and a "person" as provided in 47 U.S.C. § 227(b)(1) and Fla. Stat. § 559.72.

## FACTUAL ALLEGATIONS

13. Plaintiff is the owner, regular user and possessor of cellular telephone number (813) 318 – 1183.

14. Defendant's telephone calls, as alleged more specifically below, were all made to Plaintiff's cellular telephone number (813) 318 – 1183 using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice.

15. All of the telephone calls at issue were placed by Defendant through equipment which has the capacity to dial telephone numbers without human intervention. Such equipment falls within the purview of, and is subject to, the TCPA. *See, In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Red. 7961, 2015 WL 4387780, at *8 (July 15, 2015).

16. Defendant's telephone calls, as alleged more specifically below, were all made in an attempt to collect a financial obligation (hereinafter the "Alleged Debt") from Plaintiff. Upon information and belief, the Alleged Debt was incurred primarily for personal, family and/or household purposes.

17. Plaintiff does not owe, and is not responsible for, the Alleged Debt.

18. Within the four-year period of time preceding the commencement of this action, Defendant began placing telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

19. Defendant continued to place telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt through January of 2018.

20. Each time Plaintiff answered one of Defendant's aforementioned telephone calls, there was an extended pause on the line, during which Plaintiff received silence in response to his salutations.

21. Shortly after the aforementioned telephone calls began, Plaintiff called Defendant at one of the telephone numbers from which Defendant's calls to Plaintiff were placed and informed Defendant that Defendant was calling Plaintiff's cellular telephone and instructed Defendant to stop calling.

22. Shortly after the aforementioned telephone calls began, Plaintiff called Defendant at one of the telephone numbers from which Defendant's calls to Plaintiff were placed and informed Defendant that Plaintiff did not owe the Alleged Debt.

23. During the period of time that the aforementioned telephone calls were occurring, Plaintiff told Defendant on multiple occasions to stop calling his cellular telephone and that he did not owe the Alleged Debt.

24. Notwithstanding Plaintiff's instructions to the contrary, Defendant continued to place telephone calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. Said telephone calls were made through the use of the telephone equipment described above and were made after Plaintiff expressed to Defendant his desire not to receive telephone calls from Defendant.

25. Defendant did not, at any time, have Plaintiff's consent to place calls to Plaintiff's cellular telephone.

26. Alternatively, Plaintiff, by clearly expressing his desire not to receive further telephone calls from Defendant, expressly revoked any consent Defendant may have had to place telephone calls to Plaintiff's cellular telephone through the use of the telephone equipment described above. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at ¶ 63 (F.C.C. July 10, 2015).

27. All necessary conditions precedent to the filing of this action occurred or have been waived.

<u>**COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)**</u>

28. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

29. Defendant is subject to, and has violated the provisions of, 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

30. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing or willful, in that at all times material herein Defendant knew it was calling Plaintiff's cellular telephone for non-emergency purposes through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

31. As a direct and proximate result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff has suffered the periodic loss of her cellular telephone service, stress, frustration and inconvenience.

32. In light of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to injunctive relief and statutory or actual damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)

33. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

34. As more fully detailed above, Defendant willfully communicated with Plaintiff on numerous occasions in an attempt to collect the Alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

35. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff in an attempt to collect the Alleged Debt.

36. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff in connection with Defendant's attempts to collect the Alleged Debt.

37. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff has suffered the periodic loss of his cellular telephone service, stress, anxiety, frustration and inconvenience.

38. In light of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

39. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## COUNT III – VIOLATION OF FLA. STAT. § 559.72(9)

40. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

41. As more fully detailed above, Defendant placed numerous telephone calls to Plaintiff in an attempt to collect the Alleged Debt after Plaintiff informed Defendant that Plaintiff did not owe, and was not responsible for, the Alleged Debt.

42. Upon information and belief, at the time of Defendant's collection efforts directed at Plaintiff, Defendant knew, through information supplied to Defendant by the creditor of the Alleged Debt, that Plaintiff did not owe, and was not responsible for the Alleged Debt.

43. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(9) by claiming, attempting, and/or threatening to enforce the Alleged Debt against Plaintiff with knowledge that Plaintiff does not owe and is not responsible for the Alleged Debt, and/or asserting the existence of a right to collect the Alleged Debt from Plaintiff with knowledge that such a right does not exist.

44. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(9), Plaintiff has suffered the periodic loss of his cellular telephone service, stress, anxiety, frustration and inconvenience.

45. In light of Defendant's violation of Fla. Stat. § 559.72(9), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

46. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(9) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## COUNT IV – VIOLATION OF 15 U.S.C. § 1692d

47. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

48. As more fully detailed above, Defendant is a debt collector and did attempt to collect a consumer debt from Plaintiff. As such, Defendant's actions are subject to the FDCPA.

49. Defendant repeatedly and consistently placed multiple telephone calls to Plaintiff over an extended period of time in an attempt to collect the Alleged Debt after all reasonable efforts of negotiation and persuasion with respect to resolving the Alleged Debt had failed.

50. As demonstrated by the pattern, frequency and circumstances surrounding Defendant's collection efforts directed at Plaintiff, Defendant has violated 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.

51. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff has suffered stress, anxiety and frustration.

52. In light of Defendant's violation of 15 U.S.C. § 1692d, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT V – VIOLATION OF 15 U.S.C. § 1692d(5)

53. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

54. As more fully detailed above, Defendant is a debt collector and did attempt to collect a consumer debt from Plaintiff. As such, Defendant's actions are subject to the FDCPA.

55. Defendant repeatedly and consistently placed multiple telephone calls to Plaintiff over an extended period of time in an attempt to collect the Alleged Debt after all reasonable

efforts of negotiation and persuasion with respect to resolving the Alleged Debt had failed.

56. As demonstrated by the pattern, frequency and circumstances surrounding Defendant's telephonic collection efforts directed at Plaintiff, Defendant has violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

57. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692d(5), Plaintiff has suffered stress, anxiety and frustration.

58. In light of Defendant's violation of 15 U.S.C. § 1692d(5), Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT VI – VIOLATION OF 15 U.S.C. § 1692f(1)

59. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

60. As more fully detailed above, Defendant is a debt collector and did attempt to collect a consumer debt from Plaintiff. As such, Defendant's actions are subject to the FDCPA.

61. Defendant placed numerous telephone calls to Plaintiff in an attempt to collect the Alleged Debt, despite the fact that Plaintiff does not owe, and is not obligated for, the Alleged Debt.

62. Defendant has violated 15 U.S.C. § 1692f(1) by attempting to  collect of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) from Plaintiff despite the fact that such amount is not expressly authorized by the agreement creating the debt or permitted by law.

63. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692f(1), Plaintiff has suffered stress, anxiety and frustration.

64. In light of Defendant's violation of 15 U.S.C. § 1692f(1), Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests judgment against Defendant and in favor of Plaintiff:

a. Enjoining further TCPA violations through the placement of telephone calls to Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Awarding actual monetary loss from violations of the TCPA, or $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Awarding treble damages for willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

d. Awarding maximum statutory damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

e. Awarding actual damages sustained as a result of violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

f. Awarding reasonable attorney's fees and court costs pursuant to 15 U.S.C. § 1692k(a)(3);

g. Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

h. Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

i.   Enjoining further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

j.   Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

k.   Awarding punitive damages for FCCPA violations pursuant to Fla. Stat. § 768.72; and

l.   Awarding any and all other relief the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted:

*/s/ Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff